UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| L.C. Brown, # 275487,<br>*aka L.C. Brown, Jr.,*<br><br>Petitioner,<br><br>vs.<br><br>Warden Reynolds,<br><br>Defendant. | C. A. No. 4:15-185-TLW-TER<br><br>Report and Recommendation |

Petitioner, L.C. Brown, Jr., proceeding *pro se*, files this matter pursuant to 28 U.S.C. § 2254, challenging a 2001 conviction and sentence. Petitioner is incarcerated at Lee Correctional Institution, a facility run by the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition, pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

1

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

## BACKGROUND AND DISCUSSION

This is not the first time the Petitioner has challenged his 2001 conviction for armed robbery and assault with intent to kill for which he is serving a twenty-five year sentence. Petitioner previously filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 25, 2008 (C. A. No. 4:08-224), and, in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., that matter was referred to the undersigned for pretrial handling. A Court may take judicial notice of its own books and records. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In the prior matter, a motion for summary judgment was filed by Respondent on April 23, 2008, and on April 24, 2008, the undersigned issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment procedure and the

possible consequences if he failed to respond adequately. Petitioner filed no response to the motion for summary judgment, despite being given an extension of time on May 6, 2008 to do so. Accordingly, on August 28, 2008, a Report and Recommendation was issued recommending that the within action be dismissed pursuant to Rule 41(b) for failure to prosecute. Petitioner filed no objections to the Report and Recommendation. As a result, the United States District Judge adopted the Report and Recommendation, and dismissed the action pursuant to Rule 41(b) for failure to prosecute, ***with prejudice***. *See Brown v. Warden*, C/A No. 4:08-224-MBS-TER (D.S.C.).

Petitioner filed another petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the same 2001 convictions for armed robbery and assault with intent to kill for which he is serving a twenty-five year sentence, on September 14, 2011. A Report and Recommendation recommending that the Petition be dismissed as successive was filed on December 19, 2011 and accepted by the District Court on January 27, 2012. *See Brown v. Warden*, C/A No. 1:11-02472-TLW-TER (D.S.C.).

Petitioner also filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his same 2001 criminal convictions on June 27, 2012. A Report and Recommendation noting that Petitioner's claims challenging the validity of his state criminal convictions are cognizable only under 28 U.S.C. § 2254, not § 2241 (See 28 U.S.C. § 2254(a)(applicable to "an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court")) and recommending that Petitioner's habeas action be summarily dismissed as a successive § 2254 petition was entered on September 27, 2012. The District Court accepted the Report by Order filed October 31, 2012. *See Brown v. Warden*, C/A No. 4:12-1745-TLW-TER (D.S.C.).

3

To be considered successive, the second or subsequent petition must be a second attack on the same conviction, and the first petition must have been finally adjudicated on the merits. *See In re Williams*, 444 F.3d 233, 236 (4th Cir.2006). As noted in Petitioner's prior two successive habeas actions, the first habeas petition filed by Petitioner in 2008 was dismissed pursuant to Rule 41(b) with prejudice, which operates as an adjudication on the merits. *See Brown v. Warden*, C/A No. 1:11-02472-TLW-TER (D.S.C.). Consequently, this matter is successive, and is subject to dismissal under Rule 9 of the Section 2254 Rules. *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985). *See also McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; and *Bennett v. Angelone*, 92 F.3d 1336, 1343 (4th Cir. 1996). The AEDPA imposes strict limits on the consideration of "second or successive" habeas petitions. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *In re Williams*, 444 F.3d 233, 235 (4th Cir.2006) ("Before filing such a petition in the district court, the applicant must obtain leave to do so from the court of appeals."). As explained to Petitioner in his prior successive § 2254 actions, he must obtain permission from the Court of Appeals for the Fourth Circuit before he may file a second or successive § 2254 petition challenging his 2001 convictions for armed robbery and assault with intent to kill. There is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the abovecaptioned case. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he ***must*** seek and obtain leave (*i.e.*, written permission) from the United States Court of

4

Appeals for the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia. As Petitioner did not first obtain permission from the Fourth Circuit to file this successive § 2254, this court does not have jurisdiction over Petitioner's current § 2254 petition,

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 petition in the above-captioned case be dismissed as a successive § 2254 petition under Rule 9 of the Section 2254 Rules, *without requiring the respondents to file a return*. See *Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006)(in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

s/Thomas E. Rogers, III
Thomas  E.  Rogers,  III
United States Magistrate Judge

February 9, 2015
Florence, South Carolina

***The Petitioner's attention is directed to the important NOTICE on the next page.***

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).